HENRY W. DAVIS *v.* M. J. MUDGETT.

May Term, 1908.

Present: ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed May 21, 1908.

*Replevin—Trespassing Animals —Impounding — Fences — Adjoining Owners—"Inclosure"—P. S. 5564—Construction— Pleading—Avowry—Construction—"Possessed and in Occupation."*

In P. S. 5564, providing that "a person may impound a beast found in his enclosure doing damage," the word "enclosure" means, not that the land is fenced, but only that it is occupied.

In replevin for beasts impounded, defendant's avowry that he found said beasts in his "enclosure" doing damage, and therefore took and impounded them, asserts that the land was merely occupied, and not that it was fenced.

In replevin for beasts impounded, defendant avowed that "he was lawfully possessed and in occupation" of a certain cultivated enclosure, which was not then and there adjoining or abutting any lands or premises of plaintiff, and that he found the beasts in his said enclosure doing damage, and therefore took and impounded them. Plaintiff pleaded in bar that at the time in question the *locus* was a part of certain land owned by a corporation; that plaintiff owned and possessed a certain enclosure adjoining the corporation's land, and that plaintiff's beasts escaped from his said enclosure into the *locus* solely because of the insufficiency of the corporation's portion of the division fence. *Held*, on general demurrer to the plea, that as the avowry does not expressly allege the extent of defendant's interest in the *locus*, it must be taken to have been the least that will satisfy the allegation of possession and occupancy, which would be a tenancy at will,—a tenure not sufficient so to separate defendant's land from the corporation's land as to make it distinct therefrom in respect of adjoining plaintiff's land, within P. S. 4135, providing that "owners

or occupants of adjoining lands," where the lands of each are occupied, shall maintain equal portions of the division fence.

REPLEVIN for beasts impounded. Heard on general demurrer to plaintiff's plea in bar of defendant's avowry, at the December Term, 1907, Windsor County, *Powers,* J., presiding. Demurrer overruled and plea adjudged sufficient. The defendant excepted. The opinion recites the pleadings in question.

*Wallace Batchelder* and *Edward R. Buck* for the defendant.

Defendant's cultivated enclosure did not join plaintiff's land, hence plaintiff was not bound to fence his enclosure, but defendant was bound to restrain his beasts. *Keith* v. *Bradford,* 39 Vt. 34; *Porter* v. *Aldrich,* 39 Vt. 326.

The owner of trespassing cattle cannot be excused because the person on whose premises the trespass is committed is a tenant of the person whose duty it was to maintain the fence through which the beasts escaped. There is no such privity between landlord and tenant as makes the one liable for the neglect of the other in this regard. *Blood* v. *Spaulding,* 57 Vt. 422.

*John J. Wilson* for the plaintiff.

In the circumstances revealed by the pleadings, the corporation, the real owner of the *locus,* could not have lawfully impounded the beasts. *Scott* v. *Grover,* 56 Vt. 499; *Hitchcock* v. *Tower,* 55 Vt. 60; *Keenan* v. *Cavanaugh,* 44 Vt. 268. And no mere occupier can be permitted to do what the owner could not. Indeed, the occupier may himself be bound to maintain the fence. *Blood* v. *Spaulding,* 57 Vt. 422.

ROWELL, C. J. Replevin for beasts impounded. The defendant avows the taking and having, and justly, etc., for that at the said time when, etc., "he was lawfully possessed and in occupation of certain land in said Bethel, said land being a certain cultivated enclosure on which grain and vegetables were then and there growing, which said enclosure was not then and

there adjoining or abutting on any lands or premises of the plaintiff''; and that he found said beasts in his said enclosure doing damage, and therefore took and impounded them, as he lawfully might.

The plaintiff pleads in bar that at the said time when, etc., the *locus* was, and for a long time had been, part and parcel of certain land in said Bethel owned by the E. B. Ellis Granite Company, a corporation organized and existing under the laws of this State; that before and at the time in question the plaintiff owned and possessed a certain enclosure in said Bethel adjoining the company's land, between which and said land there was, and for a long time had been, a certain portion of legal division fence that said company was by law bound to maintain and keep in repair, but which it did not maintain and keep in repair, by reason whereof it was at the time in question, and for a long time had been, insufficient and out of repair, and not a legal fence; that before the time in question, but on the same day, the plaintiff put his said beasts into his said enclosure, which said beasts, solely by reason of the insufficiency and want of repair of the company's portion of said fence, then and there escaped and went from the plaintiff's enclosure onto and upon the company's said land, and onto and upon the *locus,* and there remained until, etc. To this plea the defendant demurs generally.

The statute is that owners or occupants of adjoining lands where the lands of both parties are occupied, shall make and maintain equal portions of the division fence between their respective lands. P. S. 4135. The statute also is that "a person may impound a beast found in his enclosure doing damage." P. S. 5564. The word "enclosure," as here used, means, not that the land is fenced, but only that it is occupied. *Porter* v. *Aldrich,* 39 Vt. 326; *Keith* v. *Bradford,* Ib. 34. And this is all that the word means as used in the avowry.

The question is whether, on the pleadings, the lands of these parties were adjoining lands within the meaning of the statute. If they were, the plea is good; if they were not, it is bad. The defendant says that there was no privity between him and the company that made his land adjoin the plaintiff's land because the company's did; that his land was separate and distinct from the company's land in this respect, and therefore

that he was not bound to fence against the plaintiff's beasts, but that the plaintiff was bound to restrain them as to him.

As the avowry does not expressly allege the extent of the defendant's interest in the *locus,* it must be taken to have been the least that will satisfy the allegation of possession and occupancy; and that allegation is well satisfied by taking his interest to have been that of a tenant at will, for such a tenant has lawful possession and occupancy from sowing to reaping, certainly, for he shall not be deprived of his crop. But that tenure was not such as to separate the defendant's land from the company's land so as to make it distinct therefrom in respect of adjoining the plaintiff's land, but it was still part and parcel of the company's land, and as that adjoined the company's land, this adjoined it also, for the whole impressed its character in this regard upon every part.

*Judgment affirmed and cause remanded.*